IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: SAMUEL DOWDEN                    CASE NO. 08-11293-DWH-13

**NOTICE OF DEFAULT UNDER TERMS OF AGREED ORDER CONDITIONALLY DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR ABANDONMENT OF PROPERTY FROM DEBTOR'S ESTATE AND TERMINATION OF AUTOMATIC STAY**

Vanderbilt Mortgage and Finance, Inc. (successor servicing agent to Oakwood Acceptance Corporation, LLC), the duly authorized servicing agent for The Bank of New York Company, Inc., as Trustee, successor Trustee to JPMorgan Chase Bank, National Association, as Trustee (formerly JPMorgan Chase Bank, as Trustee) ("Vanderbilt"), one of Debtor's creditors in the above referenced Chapter 13 case, files this its Notice of Default Under Terms of Agreed Order Conditionally Denying Motion for Relief from the Automatic Stay and for Abandonment of Property from Debtor's Estate and Termination of Automatic Stay and, in support thereof, would show as follows; to-wit:

1. Vanderbilt filed a Motion for Relief from the Automatic Stay and for Abandonment of Property from Debtor's Estate ("Motion for Relief") (Dkt. #53) on or about January 16, 2009. Vanderbilt's Motion for Relief was set for hearing before this Court on February 12, 2009 at 10:00 a.m.

2. Vanderbilt's Motion for Relief was ultimately resolved through an Agreed Order Conditionally Denying Vanderbilt Mortgage and Finance, Inc.'s Motion for Relief from the Automatic Stay and for Abandonment of Property from Debtor's Estate ("Agreed Order") prior to the final hearing on Vanderbilt's Motion for Relief. A copy of the Agreed Order, entered on March 3, 2009 (Dkt. #58), is attached hereto and incorporated herein by reference as part of collective Exhibit "1."

640886

3. The Debtor has defaulted under the terms and conditions of the Agreed Order. The Agreed Order provides, *inter alia,* that beginning with his March 2009 installment and continuing each month thereafter through the life of the Debtor's Chapter 13 Plan, the Debtor agrees to make all regular monthly payments directly to Vanderbilt on or before the first (1st) day of the month that a payment is due. If Vanderbilt ever fails to receive a monthly payment from the Debtor on or before the first (1st) day of the month that a payment is due beginning March 2009, then pursuant to the terms and conditions of the Agreed Order, Vanderbilt shall provide written notice of default to the Debtor and counsel for Debtor. If the Debtor fails to completely cure the monetary default within thirty (30) days of the date of written notice of default, then the automatic stay automatically lifts and the manufactured home is abandoned from the Debtor's estate without further order of the Court.

4. The Debtor failed to pay and Vanderbilt failed to receive the Debtor's June and July 2009 installments on or before the first (1st) days of June and July 2009. Pursuant to the terms of the Agreed Order, Vanderbilt provided written notice of the monetary default to the Debtor and counsel for Debtor on July 2, 2009, demanding that the Debtor pay the June and July 2009 installments in the total amount of $999.28 on or before July 31, 2009. A copy of the written notice of default is attached hereto and incorporated herein by reference as part of collective Exhibit "1." As of August 5, 2009, Debtor had still failed to cure the default as demanded and required pursuant to the terms of the referenced written notice of default and Agreed Order. An affidavit executed by Page Byrne, Bankruptcy Affairs Representative for Vanderbilt, attesting to the default in payment is attached hereto and incorporated herein by reference as part of collective Exhibit "1."

640886

5.   Due to the Debtor's default under the terms and conditions of the Agreed Order, Vanderbilt submits that the automatic stay, as contemplated by 11 U.S.C. §362, is terminated as same pertains to Vanderbilt without further order of the Court and, furthermore, the manufactured home is abandoned from the Debtor's estate pursuant to the terms of the Agreed Order.

6.   Vanderbilt respectfully requests that its arrearage claims be reduced to the amounts already paid and withdrawn.

WHEREFORE, Vanderbilt respectfully submits that the automatic stay, as same pertains to Vanderbilt, is terminated and, furthermore, the manufactured home is abandoned from the Debtor's estate due to the Debtor's default under the terms of the Agreed Order as outlined herein. In addition, Vanderbilt is entitled to initiate repossession activity pursuant to applicable state and/or federal law in order to protect its collateral.

Dated: August 6, 2009.

Respectfully submitted,

BY:   /s/ James P. Wilson, Jr. (MSB 10783)

Of Counsel:

Mitchell, McNutt & Sams
A Professional Association
215 Fifth Street North
Post Office Box 1366
Columbus, Mississippi 39703-1366
Telephone: 662.328.2316

640886

## CERTIFICATE OF SERVICE

I, James P. Wilson, Jr., one of the attorneys for Vanderbilt Mortgage and Finance, Inc., do hereby certify that I have served a true and correct copy of the above and foregoing instrument to all parties and counsel of record by placing said copy in the United States Mail, postage prepaid and/or electronic filing addressed to them at their usual addresses as follows:

Samuel Dowden
393 Rock Hill Road
Sardis, MS 38666
*Debtor*

Kevin F. O'Brien
1630 Goodman Road East, Suite 5
Southaven, Miss. 38671
*Attorney for Debtor*

Locke D. Barkley
Post Office Box 55829
Jackson, Mississippi 39296-5829
*Trustee*

Dated: August 6, 2009.

/s/ James P. Wilson, Jr.

640886

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: SAMUEL DOWDEN                                    CASE NO. 08-11293-DWH-13

**AGREED ORDER CONDITIONALLY DENYING VANDERBILT MORTGAGE AND FINANCE, INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR ABANDONMENT OF PROPERTY FROM DEBTOR'S ESTATE**

On consideration before the court is the motion of Vanderbilt Mortgage and Finance, Inc. (successor servicing agent to Oakwood Acceptance Corporation, LLC), the duly authorized servicing agent for The Bank of New York, Inc. as Trustee, Successor Trustee to JPMorgan Chase Bank, National Association, as Trustee (formerly JPMorgan Chase Bank, as Trustee) ("Vanderbilt") for relief from the automatic stay now protecting the interests of the Debtor, Samuel Dowden ("Debtor"), in certain personalty and realty and for abandonment of same from the Debtor's estate; the parties hereto having reached a compromise and settlement regarding their respective positions, the court hereby finds and adjudicates as follows, to-wit:

1. This Court has jurisdiction over the subject matter herein and the parties hereto pursuant to 28 U.S.C. §1334, 11 U.S.C. §362 and 11 U.S.C. §554, along with other related statutes and rules. This is a core proceeding as defined by 28 U.S.C. §157(b)(2)(A) and (G).

2. Vanderbilt's motion for relief is conditionally denied. The conditions resolving Vanderbilt's motion for relief are fully described herein.

3. On December 21, 2001, the Debtor executed a Promissory Note ("Note") in the amount of $45,051.00. To secure this indebtedness, the Debtor executed a Deed of Trust on December 21, 2001, granting Vanderbilt a valid first perfected lien interest in certain real property located in Panola County, Mississippi. To further secure this indebtedness, the Debtor granted Vanderbilt a valid first perfected security interest in one (1) 1997 Oakwood manufactured home bearing vehicle identification number OW54422AB ("manufactured

630886

EXHIBIT
1

home"). Copies of the Note, Deed of Trust and Related legal description, personal property description and appraisal report evidencing Vanderbilt's lien is attached to Vanderbilt's motion for relief as part of collective Exhibit "1."

4.     Although the Debtor's confirmed Chapter 13 Plan requires "direct" monthly payments to Movant, the Debtor was, as of February 11, 2009, in post-petition arrears to Vanderbilt in the amount of $1,497.00, representing past due monthly payments under the Note, Deed of Trust and under the Debtor's confirmed chapter 13 plan for the months of December 2008 through February 2009. The Debtor's monthly payment pursuant to the Note and Deed of Trust is $499.00.

5.     In order to cure a portion of the post petition arrearage in the amount of $1,150.00 (the complete December 2008 and January 2009 installments and a partial February 2009 installment), the Debtor agrees to directly pay Vanderbilt $1,150.00 in good and sufficient funds on or before February 28, 2009. If Vanderbilt fails to <u>receive</u> a total of $1,150.00 directly from the Debtor in good and sufficient funds on or before February 28, 2009, then the "automatic stay," as contemplated by 11 U.S.C. §362(d), shall immediately lift and, furthermore, the manufactured home and realty shall be abandoned from the Debtor's estate pursuant to 11 U.S.C. §554, without further order of the Court.

6.     In order to cure the remaining post petition arrearage through February 2009 in the amount of $347.00, plus $744.00 for a lender placed insurance policy purchased by Vanderbilt on September 10, 2008, the Debtor agrees that his Chapter 13 plan is hereby modified to include payment of $1,091.00 (the remaining February 2009 installment plus the referenced lender placed insurance policy) through his chapter 13 case. The total amount to be paid by the Debtor pursuant to this agreed order through his plan is $1,091.00. Vanderbilt shall be entitled

630886

to file an amended proof of claim against the Debtor's estate in the total amount of $1,091.00, which shall be paid accordingly by the Chapter 13 Trustee through the Debtor's Chapter 13 case. The Chapter 13 Trustee is hereby authorized to take the steps necessary to implement the terms and conditions of this agreed order.

7.  Beginning with March 2009 installment, and continuing each month thereafter through the life of his Chapter 13 Plan, the Debtor agrees to make all regular "direct" monthly payments to Vanderbilt, <u>including any increase in the monthly payment due to force placed insurance as allowed by the applicable loan documents</u>, in good and sufficient funds on or before the first (1st) day of each month that a payment is due. Beginning March 2009 and continuing each month thereafter through the life of the Debtor's Chapter 13 Plan, if Vanderbilt fails to receive any regular monthly payment from the Debtor, <u>including any increase in the monthly payment due to force placed insurance as allowed by the applicable loan documents</u>, in good and sufficient funds on or before the first (1st) day of each month that a payment is due, then Vanderbilt may provide written notice of the monetary default to the Debtor and to counsel for the Debtor. If the Debtor fails to completely cure the monetary default <u>(Vanderbilt must receive good and sufficient funds)</u> within thirty (30) days of the <u>date</u> of written notice of default, then the "automatic stay," as contemplated by 11 U.S.C. §362(d), shall immediately lift and, furthermore, the manufactured home and realty shall be abandoned from the Debtor's estate pursuant to 11 U.S.C. §554, without further order of the Court.

8.  The provisions of Rule 4001 of the Federal Rules of Bankruptcy Procedure, which would stay for ten (10) days the relief afforded Vanderbilt should the Debtor default under the terms of this Agreed Order, are hereby waived or otherwise shall not apply.

630886

9. This Agreed Order shall survive the dismissal and/or conversion of this bankruptcy case.

SO ORDERED, this the 3rd day of March, 2009.

*David W. Houston, III*

HONORABLE DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

AGREED AS TO CONTENT AND FORM:

*James P. Wilson, Jr.*
JAMES P. WILSON, JR.
P.O. Box 1366
Columbus, MS 39703-1366
662.328.2316
*Attorney for Vanderbilt Mortgage and Finance, Inc.*

*Kevin F. O'Brien w/ permission by JPW*
KEVIN F. O'BRIEN
1630 Goodman Road East, Suite 5
Southaven, MS 38671
*Attorney for Debtor*

*Locke D. Barkley w/ permission by JPW*
LOCKE D. BARKLEY
P.O. Box 55829
Jackson, MS 39296
*Chapter 13 Trustee*

630886

Case 08-11293-DWH    Doc 70    Filed 08/06/09    Entered 08/06/09 15:55:28    Desc Main
Case 08-11293-DWH    Doc 58    Filed 03/03/09    Entered 03/03/09 13:17:37    Desc Main
            Document      Page 9 of 14
            Document      Page 5 of 5

02/23/2009  15:39    6623499869              OBRIEN LAW FIRM                        PAGE  05/05

9. This Agreed Order shall survive the dismissal and/or conversion of this bankruptcy case.

SO ORDERED, this the ____ day of _____, 2009.

---

HONORABLE DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

AGREED AS TO CONTENT AND FORM:

---

JAMES P. WILSON, JR.
P.O. Box 1366
Columbus, MS 39703-1366
662.328.2316
*Attorney for Vanderbilt Mortgage and Finance, Inc.*

---

KEVIN F. O'BRIEN
1630 Goodman Road East, Suite 5
Southaven, MS 38671
*Attorney for Debtor*

---

LOCKE D. BARKLEY
P.O. Box 55829
Jackson, MS 39296
*Chapter 13 Trustee*

630886

LAW OFFICES

# MITCHELL, McNUTT & SAMS

A PROFESSIONAL ASSOCIATION

105 SOUTH FRONT STREET
POST OFFICE BOX 7120
TUPELO, MISSISSIPPI 38802-7120
(662) 842-3871
FACSIMILE (662) 842-8450

1216 VAN BUREN
POST OFFICE BOX 947
OXFORD, MISSISSIPPI 38655
(662) 234-4845
FACSIMILE (662) 234-9071

215 FIFTH STREET NORTH
POST OFFICE BOX 1366
COLUMBUS, MISSISSIPPI 39703-1366
(662) 328-2316
FACSIMILE (662) 328-8035

508 WALDRON STREET
POST OFFICE BOX 1200
CORINTH, MISSISSIPPI 38835-1200
(662) 286-9931
FACSIMILE (662) 286-8984

22 NORTH FRONT STREET
SUITE 1030
MEMPHIS, TENNESSEE 38187
(901) 767-5185
FACSIMILE (901) 767-5918

JAMES P. WILSON, JR.
DIRECT (662) 245-5123
EMAIL: jwilson@mitchellmcnutt.com

July 2, 2009

**VIA CERTIFIED & REGULAR UNITED STATES MAIL**
Samuel Dowden
393 Rock Hill Road
Sardis, MS 38666

Re:   *Samuel Dowden.*, United States Bankruptcy Court for the Northern District of Alabama, Western Division; Case No. 08-11293-DWH-13; Our File No. 9800.77196

Dear Mr. Dowden:

As you know, the United States Bankruptcy Court for the Northern District of Mississippi entered the enclosed Agreed Order Conditionally Denying Vanderbilt Mortgage and Finance, Inc.'s Motion for Relief from the Automatic Stay and for Abandonment of Property from Debtor's Estate ("Agreed Order") on March 3, 2009.

The Agreed Order requires, *inter alia*, that you commence making your regular direct monthly payments to Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt") on or before the first (1st) day of each month that an installment is due beginning March 1, 2009, and continuing each month thereafter through the life of your Chapter 13 Plan.

**Your Vanderbilt account number is   2751.  You should reference your Vanderbilt account number on all payments and make payments to Vanderbilt Mortgage and Finance, Inc.**

Your account with Vanderbilt is currently in post-petition arrears under the terms and conditions of the Agreed Order in the amount of $999.28, representing past due monthly payments for the months of June and July 2009. Your monthly payments are $499.64 each.

Consistent with the terms and conditions of the enclosed Agreed Order, this shall serve as Vanderbilt's written notice to you to cure the past due amount of $999.28 within thirty (30) days of the date of this written notice of default. Your payment should be made directly to Vanderbilt Mortgage and Finance, Inc., Attention Legal Department, Ms. Page Byrne, 7800 McCloud Road, Greensboro, NC 27409, and **received by same in good and sufficient funds within thirty (30)**

639370

Samuel Dowden

Page 2 of 2

**days of the date of this correspondence (on or before July 31, 2009).** You may also send your payment by Western Union Quick Collect using the code city VANDY and the code state TN.

    Should this payment in the total amount of $999.28 not be timely <u>received</u> by Vanderbilt in good and sufficient funds on or before July 31, 2009, then the "automatic stay," as contemplated by 11 U.S.C. §362, now protecting your interest in Vanderbilt's collateral shall lift and the manufactured home will be abandoned from your Chapter 13 estate without further order of the Bankruptcy Court. Thereafter, Vanderbilt shall be authorized to exercise its rights against its collateral as provided by both Federal and State law.

    I am providing you this written notice pursuant to the terms and conditions of the Agreed Order. I am also providing a copy of this correspondence to your attorney, also as required by the Agreed Order. Should you have any questions or if you would like to discuss anything further, please have your attorney contact me. Otherwise, Vanderbilt looks forward to **receiving** a complete payment from you in the total amount of $999.28 in good and sufficient funds on or before July 31, 2009.

    With best regards, I remain

                                                    Very cordially yours,

                                                  *Jim Wilson*

                                                  James P. Wilson, Jr.

JPW  
Enclosure  
cc:   <u>REGULAR U.S. MAIL</u>  
       Kevin F. O'Brien  
       1630 Goodman Road East, Suite 5  
       Southaven, MS 38671

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To: *Samuel Dowden*  
Street, Apt. No.; or PO Box No.: *393 Rock Hill Road*  
City, State, ZIP+4: *Sardis MS 38666*

PS Form 3800, August 2006      See Reverse for Instructions

7008 0300 0001 3260 2955



# AFFIDAVIT OF CLAIM

*Stay Lifted*

Personally appeared before me the undersigned authority, Page Byrne, who stated and deposed as follows:

1. My name is Page Byrne and I hold the position of Bankruptcy Affairs Representative with Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"), a corporation organized and existing under the laws of the State of Tennessee.

2. That I am familiar with the books and records of Vanderbilt relating to the Debt (hereinafter described); that the books and records are kept in the normal course of business; that the books and records are kept under my supervision and control; and, that the transactions reflected in the books and records are and have been recorded at or near the time that they occur or occurred.

3. The Debt (hereinafter described) is owned by:

   ☒ The Bank of New York Mellon, As Trustee fka The Bank of New York Company, Inc., As Trustee, successor Trustee to JPMorgan Chase Bank, National Association, As Trustee (formerly JPMorgan Chase Bank, As Trustee)
   ☐ The Bank of New York Mellon, As Trustee fka The Bank of New York Company, Inc., As Trustee
   ☐ Wells Fargo Bank, National Association, As Trustee
   ☐ Other _____

   (the "Trustee"), for the benefit of purchasers of pass-through certificates ("Certificateholders") and the Trustee has authorized, and/or granted permission to, Vanderbilt to do any and all acts and things reasonably necessary to enforce (including the right to bring suit, file proofs of claim in bankruptcy and otherwise act in Vanderbilt's name or in the name of the Trustee), collect, service, administer or otherwise act in any such manner or fashion as the Trustee could act as owner of the following described debt (herein, respectively, "Service the Debt" or "Servicing the Debt" and "Debt"):

   Debtor under Promissory Note, Retail Installment Contract or Assumption Agreement ("Debt Instrument") and Grantor of Security Agreement, Mortgage or Deed of Trust ("Security Instrument"):

   <u>Samuel Dowden</u>                                              ("Debtor")

   Date of Debt Instrument and Security Instrument: <u>12/21/01</u>
   Vanderbilt Account Number: <u>XX2751</u>

   Lender/Creditor and Mortgagee or Beneficiary of Deed of Trust:
   ☒ Oakwood Acceptance Corporation, LLC
   ☐ Oakwood Acceptance Corporation
   ☐ Oakwood Acceptance Corporation dba Nationwide Mortgage Company
   ☐ Oakwood Acceptance Corporation dba Golden Circle Financial Services
   ☐ Deutsche Financial Capital Limited Liability Company
   ☐ Other: _____

4. Vanderbilt is Servicing the Debt for the benefit of the Trustee and the Certificateholders.

5. Vanderbilt's Servicing the Debt, and other debts owned by the Trustee, came about in the following manner. Oakwood Acceptance Corporation, LLC, a limited liability company formerly organized under the laws of the State of Delaware (successor by merger to

552051

Oakwood Acceptance Corporation, a corporation formerly organized under the laws of the State of North Carolina and herein "Oakwood" or "OAC, LLC") on November 15, 2002 filed for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Consolidated Case No. 02-13396). Oakwood's plan of reorganization provided for a sale of substantially all of Oakwood's assets to Clayton Homes, Inc. ("Clayton"), parent of Vanderbilt. The plan of reorganization also provided for an affiliate of Vanderbilt to assume and be assigned the right to service this and other Debt owned by the Trustee. The plan of reorganization was confirmed by Confirmation Order dated March 31, 2004 and the assumption and assignment of the right to service this Debt and other debts owned by the Trustee were approved by a separate order of the Bankruptcy Court of the same date. The Trustee has further expressly authorized or permitted Vanderbilt to Service the Debt.

6. Vanderbilt holds a perfected security interest in the following collateral in respect to the account of said Debtor:

Samuel Dowden

In the opinion of the undersigned affiant, the fair and reasonable market value of said collateral is the sum of $15,805.00, this opinion being based upon NADA valuations and other factors.

7. The Debtor ☐ has ☒ has not allowed physical damage insurance to expire.

*[handwritten margin note: notice of delinquency was sent on 7/2/19 and expired on 7/3/19 Debtor did not cure the default]*

8. Amount of monthly payment of Debtor: $_____
Number of pre-petition payments past due: _____
Total amount of pre-petition past due payments: $_____
Number of post-petition payments past due: Two
Total amount of post-petition past due payments (ch. 13): $ 999.28
Total amount of pre and post petition past due payments (ch. 7): $ 999.28

Current net payoff amount of the above account: $ 51,216.87

No part thereof has been paid or satisfied; no offsets or counter-claims exist with respect to said account, to the knowledge or belief of the deponent.

9. That the above statements are true to the best of my knowledge and belief.

Dated this 6 day of Aug, 2009.

_____
Affiant

Sworn to and subscribed before me this the 6th day of Aug, 2009.

_____
NOTARY PUBLIC

My Commission Expires: 7-12-10

Teresa Deal
NOTARY PUBLIC
Randolph County
North Carolina
My Commission Expires

552051